UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICE LEAH TAMAYO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 16-cv-01947-MEJ<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT; MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 12, 17, 20 |

## INTRODUCTION

Plaintiff Patrice Leah Tamayo ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Nancy A. Berryhill ("Defendant"), the Acting Commissioner of Social Security, denying Plaintiff's claim for disability benefits. Pending before the Court is Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ. J. ("MSJ"), Dkt. No. 12) and Defendant's Cross-Motion for Summary Judgment and Motion to Dismiss (Def.'s MSJ, Dkt. No. 17). Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument.

In addition, Plaintiff has filed a Motion to File a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a). Mot. to Am. ("MTA"), Dkt. No. 20. Defendant filed an Opposition (MTA Opp'n, Dkt. No. 21) and Plaintiff filed a Reply (MTA Reply, Dkt. No. 22). The Court previously found this matter suitable for disposition without oral argument. Dkt. No. 23; *see* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the Administrative Record ("AR"), the Court **GRANTS** Defendant's Motion to Dismiss, **GRANTS** Defendant's Motion for Summary Judgment as to the ALJ's finding that Plaintiff is not disabled, and **DENIES** Plaintiff's Motion for

Summary Judgment and Motion to Amend.

## SOCIAL SECURITY ADMINISTRATION PROCEEDINGS

Plaintiff received Supplemental Security Income ("SSI") based on disability as a child. AR 67. When she turned eighteen, the Social Security Administration ("SSA") conducted an age-18 redetermination pursuant to 20 C.F.R. § 416.987[1] to determine her eligibility for disability benefits under the guidelines for adults. AR 24-33. On March 28, 2014, the SSA determined Plaintiff was no longer disabled as of March 3, 2014 under the guidelines for adults. AR 68. Plaintiff filed a request for reconsideration in April 2014. AR 73. In her request, Plaintiff noted she was working on her high school diploma and recently transferred to an adult school under an individualized educational program. *Id.* Plaintiff also requested continued payment of benefits pending a reconsideration decision. AR 221-24.

### A. The Disability Hearing Officer's Findings

On July 9, 2014, Disability Hearing Officer ("DHO") Joselito T. Luna held a disability hearing. AR 88-99. On July 14, 2014, the DHO upheld the SSA's finding that Plaintiff was no longer disabled. AR 72, 88-99, 103-15. The DHO also suggested "[t]his is a [p]otential 301 case because [Plaintiff] states that she continues to be in an Individualized Education Program and attending Adult School to earn her High School Diploma." AR 115.

### B. The ALJ's Findings

On July 22, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") to challenge the DHO's findings. AR 132-34; *see* AR 137-53. ALJ Mary Parnow conducted a hearing on June 4, 2015. AR 41-57. Plaintiff testified in person at the hearing and

---

[1] Section 416.987 provides that the SSA

> must redetermine your eligibility if you are eligible for SSI disability benefits and
> (i) You are at least 18 years old; and
> (ii) You became eligible for SSI disability benefits as a child (i.e., before you attained age 18); and
> (iii) You were eligible for such benefits for the month before the month in which you attained age 18.

20 C.F.R. § 416.987(a)(1).

2

was represented by counsel, Vanessa Leonardo. The ALJ also heard testimony from Vocational Expert ("VE") Nancy Rynd.

The regulations promulgated by the Commissioner of Social Security provide for a five-step sequential analysis to determine whether a Social Security claimant is disabled.[2] 20 C.F.R. § 404.1520. The sequential inquiry is terminated when "a question is answered affirmatively or negatively in such a way that a decision can be made that a claimant is or is not disabled." *Pitzer v. Sullivan*, 908 F.2d 502, 504 (9th Cir. 1990). During the first four steps of this sequential inquiry, the claimant bears the burden of proof to demonstrate disability. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner "to show that the claimant can do other kinds of work." *Id.* (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

The ALJ must first determine whether the claimant is performing "substantial gainful activity," which would mandate that the claimant be found not disabled regardless of medical condition, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i), (b). As this step does not apply to redetermining disability at age eighteen, the ALJ did not consider whether Plaintiff is performing substantial gainful activity. AR 25 (citing 20 C.F.R. § 416.987(b)).

At step two, the ALJ must determine, based on medical findings, whether the claimant has a "severe" impairment or combination of impairments as defined by the Social Security Act. 20 C.F.R. § 404.1520(a)(4)(ii). If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined that Plaintiff had the following severe impairments: major depressive disorder, recurrent, severe with psychotic features in remission; and an anxiety disorder. AR 26-27. Although Plaintiff also alleged disability on the basis of flat feet, back and leg pains, knee impairment, and mobility issues, the ALJ found Plaintiff failed to show she had any severe musculoskeletal impairment. AR 26. The ALJ also rejected Plaintiff's allegation of disability on the basis of acid reflux. AR 27.

---

[2] Disability is "the inability to engage in any substantial gainful activity" because of a medical impairment which can result in death or "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

3

If the ALJ determines that the claimant has a severe impairment, she proceeds to the third step, where she must determine whether the claimant has an impairment or combination of impairments that meet or equals an impairment listed in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listing of Impairments"). 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets the listings. AR 27-28.

Before proceeding to step four, the ALJ must determine the claimant's Residual Function Capacity ("RFC"). 20 C.F.R. § 404.1520(e). RFC refers to what an individual can do in a work setting, despite mental or physical limitations caused by impairments or related symptoms. 20 C.F.R. § 404.1545(a)(1). In assessing an individual's RFC, the ALJ must consider all of the claimant's medically determinable impairments, including the medically determinable impairments that are nonsevere. 20 C.F.R. § 404.1545(e). Here, the ALJ determined that since March 3, 2014, Plaintiff has had the RFC to perform a full range of work at all exertional levels but was non-exertionally limited to simple, repetitive tasks with occasional contact with the public and frequent contact with coworkers and supervisors. AR 28.

The fourth step of the evaluation process requires that the ALJ determine whether the claimant's RFC is sufficient to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f). Here, the ALJ determined that Plaintiff had no past relevant work. AR 31.

In the fifth step of the analysis, the burden shifts to the Commissioner to prove that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g); 404.1560(c). The Commissioner can meet this burden by relying on the testimony of a VE or by reference to the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpt. P, App. 2. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). Here, based on the testimony of the VE; Plaintiff's age, education, work experience; and RFC, the ALJ determined Plaintiff could perform work as a photocopy machine operator, a marker, and an office helper, and that each of

these positions existed in significant numbers in the national economy. AR 32.

## C. The ALJ's Decision and Plaintiff's Appeal

On September 9, 2015, the ALJ issued an unfavorable decision finding Plaintiff was no longer disabled as of March 3, 2014, and she had not become disabled since that date. AR 21-33. The ALJ did not address the DHO's note that Plaintiff was a "[p]otential Section 301 case." *See* AR 21-40. Plaintiff requested review of the ALJ's decision on November 6, 2015. AR 15-17. The Appeals Council declined Plaintiff's request for review on February 22, 2016. AR 1-6.

Plaintiff, then pro se, commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Compl., Dkt. No. 1. She obtained counsel thereafter. Dkt. No. 11. On September 1, 2016, Plaintiff filed a Motion for Summary Judgment. Dkt. No. 12. On November 11, 2016, Defendant filed a Cross-Motion for Summary Judgment and Motion to Dismiss. Dkt. No. 17. After she filed her Reply to Defendant's Motion for Summary Judgment (*see* MSJ Reply, Dkt. No. 18), Plaintiff requested leave to file a proposed FAC, in which she asserts three claims for (1) judicial review under 42 U.S.C. § 1383(c)(3), (2) declaratory relief, and (3) mandamus. MTA, Ex. 1 ("Proposed FAC") ¶¶ 23-37.

## LEGAL STANDARDS

### A. Motion for Summary Judgment

This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42 U.S.C. § 405(g). The ALJ's decision must be affirmed if the findings are "supported by substantial evidence and if the [ALJ] applied the correct legal standards." *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (citation omitted). "Substantial evidence means more than a scintilla but less than a preponderance" of evidence that "a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). The court must consider the administrative record as a whole, weighing the evidence that both supports and detracts from the ALJ's conclusion. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). However, "where the evidence is susceptible to more than one rational interpretation," the court must uphold the ALJ's decision. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

1  Determinations of credibility, resolution of conflicts in medical testimony, and all other
2  ambiguities are to be resolved by the ALJ. *Id.*

3  Additionally, the harmless error rule applies where substantial evidence otherwise supports
4  the ALJ's decision. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990). A court may not
5  reverse an ALJ's decision on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d
6  1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56
7  (9th Cir. 2006)). "'[T]he burden of showing that an error is harmful normally falls upon the party
8  attacking the agency's determination.'" *Id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409
9  (2009)).

### B. Motion to Amend

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading, or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under *Rule 15(a)* in favor of granting leave to amend." *Id.* at 1052 (emphasis in original). "Denials of motions for leave to amend have been reversed when lacking a

contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).

**REQUEST FOR JUDICIAL NOTICE**

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). But while courts may take judicial notice of undisputed matters of public record, they may not judicially notice "disputed facts stated in public records." *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original).

In connection with her Motion for Summary Judgment, Plaintiff requests the Court take judicial notice of (1) a SSA billing statement dated March 22, 2016 concerning an SSI overpayment of $18,557.40, and (2) Social Security Program Operations Manual Systems ("POMS") DI 14510.003(A)(2) Field Office Procedures for Cases Involving Participation in Vocational Rehabilitation or Similar Program, effective April 29, 2016. RJN, Dkt. No. 12-1 & Exs. A-B. Defendant does not oppose the request. *See* Def.'s MSJ.

The Court takes judicial notice of the POMS, as it is a public document. The Court also takes judicial notice of the billing statement; however, it does so only for the fact of the documents and the existence of the statements therein.

**DISCUSSION**

**A.  Section 301 Benefits**

Defendant raises the same argument in its Cross-Motion for Summary Judgment as it does in its Opposition to Plaintiff's Motion to Amend, namely, that the Court lacks jurisdiction to entertain either Motion. *See* Def.'s MSJ at 3-6; MTA Opp'n at 3-4. Given the overlapping argument, the Court addresses both Motions together.

As is relevant here,

> [P]ayment of the benefit of any individual who is a[] . . . disabled individual solely by reason of . . . disability . . . shall not be terminated or suspended because the . . . physical or mental impairment, on which the individual's eligibility for such benefit is based, has or may have ceased, if—
>   (A) such individual is participating in a program consisting of the Ticket to Work and Self-Sufficiency Program under section 1320b-19 of this title or another program of vocational rehabilitation services, employment services, or other support services approved by the Commissioner of Social Security, and
>   (B) the Commissioner of Social Security determines that the completion of such program, or its continuation for a specified period of time, will increase the likelihood that such individual may (following his participation in such program) be permanently removed from the blindness and disability benefit rolls.

42 U.S.C. § 1383(a)(3). To that end, a person may continue to receive benefits—also referred to as Section 301 payments or benefits—based on disability after her

> disability has ended in an age-18 determination if
>   (1) [She is] participating in an appropriate program of vocational rehabilitation services, employment services, or other support services, as described in paragraphs (c) and (d) of this section;
>   (2) [She] began participating in the program before the date [her] disability or blindness ended; and
>   (3) [The SSA] ha[s] determined under paragraph (e) of this section that [her] completion of the program, or [her] continuation in the program for a specified period of time, will increase the likelihood that [she] will not have to return to the disability or blindness benefit rolls.

20 C.F.R. § 416.1338(a).

In her Motion for Summary Judgment, Plaintiff argues the ALJ erred in not considering Plaintiff's eligibility for Section 301 benefits pursuant to 20 C.F.R. § 416.1338. Pl.'s MSJ at 7-11. She also seeks to amend the Complaint to add claims pertaining to her eligibility for Section 301 payments. Defendant argues this issue is not ripe for review—and consequently, amendment is futile—because the SSA has not made a final decision as to whether Plaintiff is eligible to receive Section 301 benefits. Def.'s MSJ at 3-6; MTA Opp'n at 3-4. In her Reply, Plaintiff confirms she "seeks review of the ALJ's decision *not* to address Ms. Tamayo[']s] eligibility for continued benefits under 42 U.S.C. § 1383(a)(6) after originally committing to deciding the issue (AR 57), and the Appeals Council's failure to address whether the ALJ's inaction constituted an abuse of discretion." MSJ Reply at 1 (emphasis in original).

8

The Court may review a final decision of the denial of Section 301 benefits. 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); *see* 42 U.S.C. § 405(g). It is undisputed the ALJ did not discuss Plaintiff's eligibility for Section 301 benefits in her decision. *See* AR 21-40. Indeed, Plaintiff does not argue there was a final decision rendered on this issue. *See* Pl.'s MSJ; MSJ Reply. Plaintiff instead argues "the ALJ is empowered to rule on 'all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in your favor.'" MSJ Reply at 2 (quoting 20 C.F.R. § 416.1446(a)). Plaintiff contends that the DHO noted Plaintiff may be eligible for Section 301 benefits (AR 115), and the ALJ agreed to consider her eligibility for that program (AR 56-57). MSJ Reply at 2.

But the Court's jurisdiction is expressly limited to "any *final decision* of the Commissioner of Social Security made after a hearing to which [Plaintiff] was a party[.]" 42 U.S.C. § 405(g) (emphasis added); *see* 42 U.S.C. § 1383(c)(3) ("The *final determination* of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." (emphasis added)). The Court cannot determine whether a denial of benefits is based on legal error or substantial evidence if there was never a denial in the first place. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) ("If we find that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, we may set aside the Commissioner's denial of Social Security insurance benefits.").

The ALJ did not abuse her discretion in declining to consider Plaintiff's eligibility for Section 301 benefits, as this issue was not within the ALJ's jurisdiction. *See* Pl.'s MSJ Reply at 2. Even if, as Plaintiff argues, Section 301 payments were "brought out" in the DHO's decision (*see id.*; AR 115), this does not mean the ALJ had the authority to determine whether Plaintiff is entitled to such benefits. Rather, POMS DI 14510.003 provides that "[t]he [Field Office] identifies cases involving participation in [Vocational Rehabilitation] or a similar program as a

9

part of the medical continuing disability review (CDR) or Age 18 Redetermination process." RJN, Ex. B at 1. Indeed, when Plaintiff raised the issue of Section 301 eligibility before the Appeals Council, the Appeals Council also declined to address it, as "[i]ssues concerning benefit eligibility are handled by a different component." AR 1. The Appeal Council thus instructed Plaintiff to "[p]lease contact your local field office concerning benefit eligibility issues." *Id.* Plaintiff does not address this statement in her briefing, and she presents no argument to support her apparent contention the ALJ or the Appeals Council otherwise could have considered whether she was entitled to Section 301 benefits such that the ALJ's failure to do so constituted a legal error.

Moreover, Melissa Pollock, Management Analyst for the SSA, declares

> the Richmond Social Security Field Office sent Plaintiff's file to the Office of Disability Operations (ODO) to determine if she was entitled to a continuation of benefits under 20 C.F.R. § 416.1338 (Section 301 payments). The ODO has not issued a decision on Plaintiff's continued eligibility for benefits under this provision.

Pollock Decl. ¶ 4, Dkt. No. 17-1. Plaintiff does not dispute this statement in her Reply, and nothing in the record suggests the ODO has since reached a decision on this issue.[3] *See* MSJ Reply; AR; Docket.

In sum, the Court finds there has been no final determination as to whether Plaintiff is eligible for Section 301 benefits pursuant to 42 U.S.C. § 1383, and jurisdiction is therefore lacking. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment. The Court further finds permitting Plaintiff to amend her Complaint to add claims related to Section 301 benefits would be futile at this point and **DENIES** her Motion to Amend on that ground. *See Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied . . . if amendment would be futile.").[4]

---

[3] That Plaintiff cannot seek relief in this Court does not mean she is without a remedy. Rather, based on the Pollack Declaration, Plaintiff's remedy lies with the ODO. POMS DI 14510.035(B) sets forth the appeals procedures Plaintiff may follow if the ODO finds Plaintiff is not eligible for Section 301 payments: Plaintiff may request reconsideration of the ODO determination, a hearing before an ALJ, and Appeals Council review. POMS DI 14510.035(B)(2)-(4).

[4] The Court also notes Plaintiff's Proposed FAC seeks declaratory relief. Proposed FAC ¶¶ 27-32. However, 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the

**B. Overpayment**

In a footnote, Plaintiff notes she "has since been assessed an $18,557 overpayment for the benefits received during her appeal." Pl.'s MSJ at 7 (citing RJN, Ex. A). She appears to argue the Court should find she is entitled to these benefits and the agency is not entitled to repayment. *See id.* at 11 ("The Court should find that Plaintiff was entitled to receive the SSI benefits she received during the pendency of her administrative appeals until she graduated from high school in December 2015.").

Defendant contends any argument about overpayment is not ripe for judicial review. Def.'s MSJ at 6. Defendant argues overpayment is a separate issue from Plaintiff's eligibility for Section 301 payments. *Id.* Moreover, when Plaintiff requested the continuation of benefits pending the outcome of the appeal, she acknowledged that she would be asked to repay her benefits if she lost her appeal. *Id.*; *see* AR 135. Plaintiff does not acknowledge her request for waiver in her Motion, and she does not address Defendant's overpayment arguments in her Reply. *See* MSJ Reply.

As with Plaintiff's Section 301 benefits, it appears the question of overpayment is still pending before the agency. Pollock declares Plaintiff has submitted a waiver of her overpayment, but the agency has not issued a decision on the waiver. Pollock Decl. ¶ 5. Again, Plaintiff does not dispute this in her Reply, and nothing in the record indicates there has been such a decision. *See* MSJ Reply; AR; Docket. Because there has been no final decision, the Court also lacks jurisdiction to consider the issue of overpayment.

**C. Disability**

Plaintiff does not contest the ALJ's finding that she is not disabled, nor does she address this issue in her Reply. *See* Pl.'s MSJ. Plaintiff has therefore waived any such argument. *See Whitaker v. Astrue*, 2016 WL 146069, at *2 n.1 (N.D. Cal. Jan. 13, 2016) (deeming as waived arguments not raised in plaintiff's motion for summary judgment or in opposition to defendant's

---

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Declaratory relief is not among the available remedies.

cross-motion for summary judgment). The Court thus **GRANTS** Defendant's Motion for Summary Judgment on this issue.

## CONCLUSION

As there has been no final determination as to Plaintiff's eligibility for Section 301 benefits—the sole issue raised in Plaintiff's Motion for Summary Judgment and the basis for the proposed amendment—the Court lacks jurisdiction to consider Plaintiff's Section 301-based claims at this juncture. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss, **GRANTS** Defendant's Motion for Summary Judgment as to the ALJ's finding that Plaintiff is not disabled, **DENIES** Plaintiff's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion to Amend.

The Court will issue a separate judgment.

**IT IS SO ORDERED.**

Dated: June 6, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge